## 24593. MOORE v. HANSON.

FRANKUM, Justice. 1. Where, within the time allowed by law, the defendant served upon the plaintiff and caused to be filed with the clerk of the court, requests for admissions as to the truth of relevant matters of fact set forth therein, and where the plaintiff failed to file and serve upon the defendant within 15 days from the service upon him of the requests for admissions (15 days being the period designated in the request for the filing of the response, no shorter or longer time having been allowed by the court) either (1) a sworn statement denying specifically the matters of which admissions were requested or setting forth in detail the reasons why he could not truthfully admit or deny those matters or (2) written objections to the requests upon one or more of the grounds allowed by law, the trial judge was authorized to treat the matters covered by the requests for admissions as admitted and to pass upon the defendant's subsequently filed motion for a summary judgment upon the basis that the facts set forth in the requests were true. *Code Ann.* § 81A-136.

2. The trial judge did not abuse his discretion in refusing to allow the filing of the plaintiff's response to the requests for admissions two weeks after it was due to have been filed, where the only showing as to providential cause of the failure to timely serve upon the defendant and file his response was "that he was ill and unable to go to his attorney's office in order to answer the interrogatories due on the 19th day of December, 1967." Such affidavit failed to show the nature of the plaintiff's illness and its duration; failed to show that plaintiff was unable to communicate with his attorney or that his attorney was unable, prior to the date his response was due to have been served and filed, to move on his behalf for an extension of time for serving and filing the response, and failed to show any fact justifying the conclusion that the plaintiff could not have served and filed his response sooner. In the absence of a showing of at least these minimum essentials clearly demonstrating the inability of the plaintiff to answer sooner the requests for admissions, the trial judge did not err in refusing to find that the failure to serve and file a response within the time allowed was due to providential cause, and in refusing to permit the response to be filed.

3. It not appearing that any objection, timely or otherwise, to

the scope of the requests for admissions was served and filed as provided by law or that such question was ever presented to the court and passed upon by it, the enumeration of error seeking to raise such issue for the first time before this court cannot be passed upon. Constitution of the State of Georgia, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704); *Velkey v. Grimes,* 214 Ga. 420 (105 SE2d 224).

4. In view of the rulings made in Headnote 1, above, the trial court did not err in granting the defendant's motion for a summary judgment on the issues respecting the obligation of the defendant for the payment of child support in arrears. Such motion was based on the pleadings and the unanswered requests for admissions. The trial court deferred ruling on the issues raised by the plaintiff's and the defendant's respective applications for modification of the original child support decree on the theory that issues of fact were presented by those applications upon which it would be necessary to hear evidence. No exception was taken to this feature of the judgment.

<em>Judgment affirmed. All the Justices concur.</em>

SUBMITTED MAY 13, 1968—DECIDED JUNE 20, 1968—<br>REHEARING DENIED JULY 16, 1968.

*John N. Crudup,* for appellant.

*Robinson, Thompson, Buice & Harben, Robert B. Thompson,* for appellee.