45516.   KAZAKOS v. BARANAN et al.

PANNELL, Judge. This appeal arises out of an action for malicious use of process brought by the appellant in the Superior Court of Fulton County, Georgia, against the appellees, one of whom was the attorney for two of the appellees, seeking recovery of damages occasioned by the levy of a void attachment. The appellee attorney made a motion to dismiss the complaint as to him, and the trial judge, in rendering his judgment dismissing the complaint as to the attorney, recited in the order that he took judicial notice of a holding of the trial judge in the attachment action in the Superior Court of Fulton County, Georgia, overruling a motion to dismiss the levy, a renewed motion to dismiss the levy, and motions to remove the attachment and dismiss the levy and upholding the validity of the attachment proceeding. The order also recited the taking of judicial notice of the opinion of this court in the appeal from these rulings in the attachment proceedings as reported in *Kazakos v. Soteres,* 120 Ga. App. 258 (170 SE2d 50). The trial court in sustaining the "motion to dismiss" apparently acted upon the theory that the matters of which he took judicial notice conclusively showed probable cause for the issuance of the attachment. See *Short & Co. v. Spragins, Buck & Co.,* 104 Ga. 628 (30 SE 810); *Georgia Loan & Trust Co. v. Johnston,* 116 Ga. 628 (43 SE 27). The complainant appealed from this order and enumerated error thereon. Appellee made a motion to dismiss the appeal. *Held:*

1. The motion to dismiss the appeal is denied on the authority of *Sanders v. Culpepper,* 226 Ga. 598 (176 SE2d 83), and the cases therein cited, among which is *Johnson v. Motor Contract Co.,* 186 Ga. 466 (1) (198 SE 59); and *Veal v. Beall,* 189 Ga. 31, 33 (5 SE2d 5).

2. The trial court's consideration of materials other than the complaint in the present case converted the motion to dismiss into a motion for summary judgment. Section 12 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 623; *Code Ann.* § 81A-112 (b)).

3. The complaint did not allege the fact that in the attachment

case the trial judge had ruled the attachment valid nor did the allegation in the pleading that the Court of Appeals of Georgia held the attachment "to have been wrongful, and void ab initio" make the decision of the Court of Appeals a part of the pleadings, nor would such allegation authorize a conclusion that the lower court had held the attachment proceedings valid. The trial judge was without authority under the law to take judicial cognizance of matters contained in the record in *another* case in his court (see *Clifton v. State,* 53 Ga. 241 (3); *Glaze v. Bogle,* 105 Ga. 295 (3) (31 SE 169); although as to the same case he might do so, see *Howell v. State,* 162 Ga. 14 (1b) (134 SE 59); *Reserve Life Ins. Co. v. Peavy,* 98 Ga. App. 268, 273 (105 SE2d 465)), and his decision on the summary judgment being based entirely upon assumptions of fact not properly before him by competent evidence, the judgment must be reversed. While this disposition of the case may seem to be technical, and it could be argued that we would do substantial justice in this case by considering as evidence here the opinion of this court in the attachment case, this we cannot do under the law. *Carten v. Loveless,* 192 Ga. 715 (1) (16 SE2d 711). There can be no substantial justice *under the law* unless the orderly processes prescribed for the determination of justiciable controversies are followed by this court. We cannot do that which we are forbidden to do.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*
ARGUED SEPTEMBER 10, 1970—DECIDED OCTOBER 7, 1970.

*Wilkinson & Nance, A. Mims Wilkinson, Jr.,* for appellant.
*J. Arthur Mozley, Ariel V. Conlin,* for appellees.