26180. BAILEY v. BAILEY.

ARGUED NOVEMBER 10, 1970—DECIDED DECEMBER 3, 1970.

*J. Laddie Boatright,* for appellant.

*Arthur C. Farrar,* for appellee.

MOBLEY, Presiding Justice. This appeal is from the grant of the motion for summary judgment of plaintiff.

Mrs. Lois Bailey, as administratrix of the estate of L. M. Bailey, brought an action to recover described land from Lovie B. Sears Bailey, alleging that plaintiff claims fee simple title to the land as administratrix under described deed to L. M. Bailey.

Defendant filed an answer denying that plaintiff owns title to the land, alleging that defendant and her deceased husband, Edison Bailey, have been in adverse possession of the land for more than 20 years.

Plaintiff later amended her petition, alleging the title under which she claims as follows: Mrs. Della Bailey orally purchased a described tract of land in June, 1920, for the consideration of $250; she went into possession of the land, built a house on it, and occupied it in a manner that would constitute adverse possession until her death in 1936. After Della Bailey's death, all of her heirs at law conveyed their interest in Della Bailey's property to L. M. Bailey by two deeds, a quitclaim deed and a guardian's deed. One of the heirs signing the quitclaim deed was Edison Bailey. A described part of the tract of land owned by Della Bailey is now in the possession of defendant, and plaintiff, as administratrix of L. M. Bailey's estate, claims title and the right of possession of this property.

On April 28, 1970, plaintiff served defendant with a request for admission of certain facts, within 15 days, which include the following: Edison Bailey died on March 30, 1960. Edison Bailey did not own any interest in the land in question in the case. Lovie B. Sears Bailey (defendant) does not own any interest in the land. Edison Bailey conveyed his interest in the land in dispute to L. M. Bailey on September 30, 1936, by recorded quitclaim deed. Lovie

B. Sears Bailey (defendant) claims her interest in the land as heir of Edison C. Bailey and the fact that Edison C. Bailey's interest in the land was derived as an heir of Mrs. Della Bailey. At the time of Mrs. Della Bailey's death, she had fee simple title to the land in question.

Plaintiff took the deposition of defendant on May 8, 1970. On June 26, 1970, plaintiff filed a motion for summary judgment on the ground that there is no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law, as appears from the pleadings, the deposition of defendant, the admissions of defendant, and the affidavit of plaintiff's counsel.

The motion was granted and judgment was entered in favor of plaintiff against defendant to recover the land.

Defendant (appellant here) has specified the entire record on appeal and the clerk has certified that the entire record has been transmitted to this court. The record contains no objection by the defendant to the request for admissions, nor any denial of the facts set out therein.

*Code Ann.* § 81A-136 (Ga. L. 1966, pp. 609, 648; Ga. L. 1967, pp. 226, 234, 235) provides for the filing and service on the opposite party of a request for admissions of facts, and provides that where no objection or denial is made to the matters of which an admission is requested, within the time designated in the request, or other time allowed by the court on motion, the matters shall be deemed admitted.

The trial judge was authorized to treat the matters covered by the request for admissions as admitted in the consideration of plaintiff's motion for summary judgment. *Moore v. Hanson,* 224 Ga. 482 (1) (162 SE2d 429). These admissions were sufficient to prove plaintiff's case and to disprove the defense of defendant. Therefore no issue remained for trial, and the trial judge properly granted plaintiff's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*