45930. WALKER ENTERPRISES, INC. v. MULLIS.

Submitted January 5, 1971—Decided July 1, 1971—
Rehearing denied July 21, 1971—

306

*John R. Woodward, III,* for appellant.

*Albert E. Butler,* for appellee.

Bell, Chief Judge. 1. The motion to dismiss the appeal is denied.

2. The decision in this case rests on the effect to be given to the response returned by the defendant to the request for admissions. Section 36 (a) of the Civil Practice Act provides in part as follows: "Each of the matters of which an admission is requested shall be deemed admitted unless . . . the party to whom the request is directed files with the clerk and serves upon the party requesting admissions either (1) sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time." *Code Ann.* § 81A-136 (a). It is readily recognized that the request

for admissions here covers the entire case. If a proper objection is made to a request that broad, it will not be permitted under the ruling in *Hobbs v. New England Ins. Co.,* 212 Ga. 513 (3) (93 SE2d 653). In the *Hobbs* case a proper objection was made to the request for admissions, sustained by the trial court, and affirmed by the Supreme Court. Here, however, the *defendant made no objection.* The only response made was the unsworn statement by defendant's counsel. In *Williamson v. Lunsford,* 119 Ga. App. 240 (166 SE2d 622) we held that the unsworn writing by the party's counsel in answering an interrogatory did not constitute an answer. The same rule should apply to requests for admissions. Section 36 (a) of the Civil Practice Act places a drastic burden upon the party to whom the request is made. It is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission. Since his response did not comply with § 36 (a), it must be treated as no response at all. The result is that by his failure he has admitted all the controverted issues of fact in this case. *Bailey v. Bailey,* 227 Ga. 55 (178 SE2d 864). Plaintiff has shown as the movant, that there is no genuine issue of material fact, and that it is entitled to entry of summary judgment as a matter of law.

It is suggested that the defect (failure to verify the answer to request for admissions) has never been considered by the trial court. On the contrary, the plaintiff's written motion, which was denied by the trial court, has as one of its grounds "(1) The answer to requests for admissions made of defendant were not verified by Willie L. Mullis; and said answer amounts to no answer under law."

*Judgment reversed with direction that the trial court enter judgment for plaintiff as demanded in its amended complaint. Hall, P. J., Eberhardt, Pannell, Quillian, Whitman and Evans, JJ., concur. Jordan, P. J., and Deen, J., dissent.*

DEEN, Judge, dissenting. I think a proper directive to the trial court would be: "Judgment reversed unless defendant, within ten days of the return of the remittitur from this court to the trial court elects to verify the answers to the requests for admission; in which event the trial court shall enter a new order based on all

the evidence in the case."

I am authorized to state that Presiding Judge Jordan concurs in this dissent.