### 46424.   BARANAN v. KAZAKOS et al.

WHITMAN, Judge. This appeal arises out of a suit for malicious use of process following an attachment proceeding.

The attachment was filed by Mrs. Pitsa Soteres against John P. and Kiki Kazakos in Fulton Superior Court. The complaint praying for the attachment alleged that plaintiff had loaned $20,000 to the defendants in exchange for their promissory note and an instrument conveying defendants' interest in a certain leasehold and all fixtures, furniture, equipment and stock of merchandise in a business known as the Orbit Liquor, Beer & Wine Package Store as security conditioned upon performance of the promissory note obligation. The complaint alleged that 10 monthly note payments were in default; that the entire debt had been declared due, but that defendants refused to pay same. The attachment issued and was executed upon a certain amount of the liquor inventory in the above mentioned store.

The defendants' motions to dismiss the attachment and the levy were overruled by the trial court. On appeal this court held that the trial judge had erred in overruling the motions because if considered as an attachment proceeding under *Code Ch.* 8-3 (purchase money attachment), the necessary affidavit thereunder had been improperly attested; or if considered as an attachment proceeding under *Code Ch.* 8-4 (fraudulent debtor attachment), the evidence that the defendants had advertised their business for sale was not inconsistent with defendants' contentions that they had no intention of transferring the property for the purpose of avoiding the debt. See *Kazakos v. Soteres,* 120 Ga. App. 258 (170 SE2d 50).

Following the above disposition of the attachment proceeding John P. Kazakos brought the present suit for malicious use of process against Mrs. Soteres, Bekins Moving & Storage Co. (which had been employed to store the attached property), Reliance Insurance Company (which was the surety on the attachment bond), and Aaron Baranan (who was the plaintiff's attorney in the attachment proceeding). Baranan made a motion to dismiss the complaint as to him, which the trial judge granted but which was reversed on appeal for the reason

that the trial judge, in finding that probable cause had existed for the issuance of the attachment, had improperly taken judicial notice of certain matters (i.e., of certain trial court rulings in the attachment case, and also of the decision rendered by this court on the appeal therein). See *Kazakos v. Baranan,* 122 Ga. App. 594 (178 SE2d 222).

On the return of the case to the trial court Baranan moved for a summary judgment, which was denied but certified for immediate review. The order denying summary judgment is appealed from and enumerated as error. *Held:*

1. Prior to making his motion for summary judgment, Baranan filed a request for admissions asking that Kazakos admit that the documents attached thereto were genuine copies of pleadings, orders, hearing transcripts and transcripts of evidence taken in the attachment case. And there being no objections or denials by Kazakos regarding the request, the matters covered thereby were to be treated as admitted. *Bailey v. Bailey,* 227 Ga. 55, 57 (178 SE2d 864); *Moore v. Hanson,* 224 Ga. 482 (1) (162 SE2d 429); *Code Ann.* § 81A-136 (Ga. L. 1966, pp. 609, 648, as amended). Baranan also filed certified copies of (1) the order entered by the trial court in the attachment case which denied motions by Kazakos to remove the attachment, to dismiss the levy upon the property and to dismiss the levy based upon the sheriff's return; (2) the opinion of this court on the appeal of the attachment proceeding, *Kazakos v. Soteres,* 120 Ga. App. 258, supra; and (3) the opinion of this court in the earlier appeal on the present case, *Kazakos v. Baranan,* 122 Ga. App. 594, supra.

2. Thus, there was evidence properly before the trial court in connection with the motion for summary judgment, from which it appeared that the validity of the attachment had been attacked in the trial court by motions to remove same and dismiss the levy; and that after hearing lengthy evidence and argument by both sides the attachment and levy were allowed to stand.

"There are three essential elements which must appear before one can recover for malicious use of legal process: (1) Malice; (2) want of probable cause; and (3) that the proceeding complained of had terminated in favor of the defendant therein before suit for damages based upon it was brought." *Marshall v. Armour Fertilizer Works,* 24 Ga. App. 402 (5) (100 SE 766); *Ga. Veneer &c. Co. v. Florida Nat. Bank,* 198 Ga. 591 (2) (32 SE2d 465).

The upholding of the attachment and levy by the trial court against the motion to dismiss same conclusively established the existence of probable cause in bringing and prosecuting the attachment action notwithstanding the trial court's ruling was subsequently reversed on appeal. *Short & Co. v. Spragins, Buck & Co.,* 104 Ga. 628 (30 SE 810); *Georgia Loan &c. Co. v. Johnston,* 116 Ga. 628 (43 SE 27).

The trial court erred in denying the motion for summary judgment.

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*
ARGUED SEPTEMBER 16, 1971—DECIDED NOVEMBER 17, 1971.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, J. Arthur Mozley,* for appellant.

*Wilkinson & Nance, A. Mims Wilkinson, Jr.,* for appellees.