## 48264. TAYLOR et al. v. HUNNICUTT.

SUBMITTED MAY 29, 1973 — DECIDED JUNE 27, 1973.

*James E. Goodman,* for appellants.
*Ed M. Keener,* for appellee.

DEEN, Judge. The requests just set out to do no more than call on the plaintiff to admit his lawsuit was filed in bad faith, and should of course be stricken on objection. *Hobbs v. New England Ins. Co.,* 212 Ga. 513 (3) (93 SE2d 653). Nor would answers to the remaining questions give the defendants any material facts which would help them in the defense beyond that already obtained. The question is simply whether, under these circumstances, the trial court had any discretion to extend the time for answer or objection. Obviously, if all the requests are to be taken as admitted the defendants are entitled to a judgment on the pleadings.

Code Ann. § 81A-136 (a) provides in part: "The matter is admitted unless within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." The statute places no restriction on the court's discretion to allow an extension of time after the time for reply has passed. In *Bailey v. Bailey,* 227 Ga. 55 (178 SE2d 864), the Supreme Court, examining the record on appeal, held that where no objections or answers had been filed "the trial judge was authorized to treat the matters covered by the request for admissions as admitted in consideration of the motion for summary judgment." The same ruling was made in *Baranan v. Kazakos,* 125 Ga. App. 19 (1) (186 SE2d 326). *Moore v. Hanson,* 224 Ga. 482 (2) (162 SE2d 429) held that where the trial judge refused to allow an extension of time for filing, there was no abuse of discretion.

Code Ann. § 81A-136 was drafted in the language of Rule 36 of the Federal Rules which has uniformly been construed, as it was in French v. United States, 416 F2d 1149, and cits., as allowing a wide discretion on this point in the trial judge. "A trial judge has discretion to permit a late response to a request for admissions made pursuant to Rule 36 F. R. Civ. P., and thus relieve a party of apparent default. Moosman v. Joseph P. Blitz, Inc., 358 F2d 686 (2 Cir. 1966) is direct authority for the proposition." French v. United States, supra. A list of other precedents is cited. In 93 ALR2d 757, 764, Anno., citing over two dozen cases on the subject, it is stated: "In the majority of cases in which a party upon whom a request for admissions was served has failed to respond within the time allowed by statute or rule, the courts have, upon motion, allowed additional time for the filing of a response. The rationale of a number of these cases, express or implied, has been that the failure to file a timely response was due to inadvertence or excusable neglect, and that the allowance of additional time for making a proper response would not be prejudicial to the party requesting the admissions." ,

Here, the motion for judgment on the pleadings was presented and heard at the time the case was called for trial. At the hearing the defendant insisted that the admission (failure to reply to the request to admit plaintiff had no claim against the defendants) entitled them to a judgment, to which counsel for the plaintiff replied (a) that the requests were immaterial, were denied by the pendency of the action itself, and, if relied on, should have been raised at the pretrial hearing, and (2) that the plaintiff had been in the hospital during part of the time in question. The view taken by most of the cases in the  federal  courts and those courts of other states operating under similar practice rules, is that the answers or objections must be filed within the time limited (here, 30 days) unless the trial court allows an extension, but that such extension should not be allowed without reason or where it will prejudice the opposing party. In view of the nature of the requests for admission here, we hold that the trial court did not abuse his discretion in allowing an extension of time in which to comply with the statute by answering or objecting to the various requests.

In view of what is here held, the case of *Walker Enterprises v. Mullis,* 124 Ga. App. 305 (183 SE2d 534) must be limited to the facts there appearing and not extended so as to put an unrealistic halter on the court's discretion in solving these difficulties in such manner as to encourage prompt trials without, where this is

possible, cutting off decisions on their merits. In the *Mullis* case it does not appear that any extension of time for allowing a late answer to the requests was granted, but the trial court simply ignored the state of the record in denying the motion for summary judgment, and that judgment alone was before this court on appeal.

The trial court did not err in granting the motion for extension of time.

*Judgment affirmed. Quillian, J., concurs. Bell, C. J., concurs in the judgment only.*

BELL, Chief Judge. I concur in the judgment only here in order to prevent the unnecessary and confusing discussion of the case of *Walker Enterprises v. Mullis,* 124 Ga. App. 305 (183 SE2d 534) from being considered as a precedent. I concur in the holding as clearly stated in the headnote that the trial judge has discretion to grant an extension of time to answer requests for admissions and that here no abuse of discretion has been shown. However, the discussion of *Mullis* is totally inapplicable to this case as both the holding and the facts there are completely different from those here. In *Mullis* there was no statutory response to request for admissions and the plain and unambiguous provisions of the statute controlled and left no room for the exercise of judicial discretion.