48756. BELLE INTERIORS, INC. v. NORMAN et al.

STOLZ, Judge. Belle Interiors, Inc. sued James L. Norman and Janice Norman on a retail instalment contract and note in the Superior Court of McDuffie County. Contemporaneously with the filing of its suit, the plaintiff filed certain requests for admission of facts and genuineness of documents which were served on the defendants at the time the complaint was served. The defendants filed a timely answer to the complaint denying its material allegations, and also alleged a failure of consideration. The defendants did not answer the plaintiff's requests for admission. The plaintiff subsequently filed a motion for summary judgment based on the pleadings (including the unanswered requests for admission) and affidavits attached thereto. The hearing on the motion for summary judgment was set for March 29, 1973, at 10:00 a.m. in the Superior Court Judge's Chambers in the Courthouse in Thomson, Georgia. On March 13, 1973, the case came on for trial (without the plaintiff or its counsel being present) with the jury returning a verdict for the defendant and judgment entered thereon. The plaintiff moved the court to set aside the judgment on the ground that it was not notified that the case had been placed on the trial calendar as provided in Code Ann. § 81A-140 (c) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108) and supported the same with its counsel's affidavit to that effect. A hearing was held on the motion to set aside on March 29, 1973, at which time testimony was presented under oath by the clerk of the superior court that, prior to each term of court, a docket of those cases

scheduled for trial is prepared and copies thereof with a cover letter are mailed to counsel in all cases. The clerk further testified, "I can say to the best of my knowledge and belief and in accordance with the general practice of my office that a copy of the letter and calendar were mailed to Mr. Shafer [plaintiff's attorney]. It is not my practice to fail to mail to any attorney." A deputy clerk testified that she addressed the envelopes and mailed out the court calendar with cover letter to all counsel (including plaintiff's), that the envelopes had a return address thereon, and that the letter had not been returned to the clerk's office as undelivered. The trial judge denied the motion to set aside, and the plaintiff appeals. *Held:*

"(a) . . . All civil cases, including divorce and other domestic relations cases, shall be triable any time after the last day upon which defensive pleadings were required to be filed therein: Provided, however, the court shall in all cases afford to the parties reasonable time for discovery procedures, subsequent to the date that such defensive pleadings were required to be filed. (b) . . . The Judges of any court of record may, on reasonable notice to the parties, at any time, either in term or vacation, and at chambers, in any county in the circuit, hear and determine by interlocutory or final judgment any matter or issue, where a jury trial is not required or has been waived: Provided, however, nothing herein shall authorize the trial of any divorce case by consent or otherwise until after the last day upon which defensive pleadings were required by law to be filed therein." Code Ann. § 81A-140 (a, b) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108). Under the facts sub judice the requirements of the Code were met. *Tootle v. Player,* 225 Ga. 431 (169 SE2d 340). The trial judge did not err in overruling the plaintiff's motion to set aside.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED NOVEMBER 8, 1973— DECIDED JANUARY 7, 1974 — REHEARING DENIED JANUARY 29, 1974—

*William G. Schafer,* for appellant.

*Walton Hardin,* for appellees.

ON MOTION FOR REHEARING.

STOLZ, Judge. Appellant in its motion for rehearing urges that this court overlooked its unanswered requests for admission in rendering its decision in this case. Appellant contends that, since unanswered requests for admission are treated as admissions,

*(Walker Enterprises, Inc. v. Mullis,* 124 Ga. App. 305 (183 SE2d 534)), it "would be entitled to judgment as a matter of law, either by summary judgment or a directed verdict in the trial court." This may well have been true. Requests for admission as well as other means of discovery, may provide valuable information for a party's use in litigation. If appellant's motion for summary judgment had been heard, undoubtedly the unanswered requests for admission would have been considered by the trial judge in rendering his decision. As noted in the main opinion, the case was called for trial before the date for hearing the appellant's motion for summary judgment. When the case was called for trial, the plaintiff had available to it all the evidence at its command, including the unanswered requests for admission. In order for the evidence to be *of use and benefit* to the plaintiff, it must have been introduced in evidence and admitted as such in the trial court. It is not the function of the trial judge to represent a party by seeing to the introduction of evidence in the absence of counsel. The case was called for trial without the plaintiff's or its counsel's being present. The jury heard only the defendant's side of the case and returned its verdict accordingly.

*The motion for rehearing is denied. Judgment adhered to. Eberhardt, P. J., and Pannell, J., concur.*