49254. ABBOTT-BRIDGES WOOD PRODUCTS, INC. v. ARGONAUT INSURANCE COMPANY et al.

DEEN, Judge.

1. "Objections and answers to requests for admission must be filed within 30 days or such other time as the court may allow. Where not so replied to, they will be taken as admitted. The court may, for good cause shown and where the opposite party is not prejudiced thereby, grant an extension of time, and the action of the judge in granting or refusing such request will not be interfered with by the appellate courts unless it clearly appears that there has been an abuse of discretion." *Taylor v. Hunnicutt,* 129 Ga. App. 314 (199 SE2d 596). See *National Bank of Ga. v. Merritt,* 130 Ga. App. 85 (202 SE2d 193). Unsworn statements in response to requests for admissions do not constitute an answer.[1] *Walker Enterprises, Inc. v. Mullis,* 124 Ga. App. 305, 307 (183

---

[1]Note that Code Ann. § 81A-136 (a) as re-enacted in 1972 requires only that the answer, where timely filed

SE2d 534); *Williamson v. Lunsford,* 119 Ga. App. 240 (166 SE2d 622). Where the plaintiff filed requests for admissions on October 10, 1968, to which *unsworn* answers were filed, they were insufficient as answers, and where no attempt at amendment was made until December 6, 1972, the judge was not bound to consider the amendment, especially in view of the fact that his discretion was not invoked or his permission sought to allow its filing. He therefore had a right, in deciding the motion, to consider the matter in the requests as admitted.

2.   The order appealed from granting the plaintiff summary judgment was dated February 8, 1973. The record fails to show the date on which the hearing of this motion took place. Plaintiff in its brief states the hearing was held November 17, 1972; defendant contends it was "set" for December 8. One of the enumerations of error is that the judgment was entered without any hearing at all. The motion for summary judgment was dated December 5, 1969. On December 4, 1972, however, defendant filed a "response" in which it stated that "within the time allowed by this court following hearing scheduled in said case for November 17, 1972, from which counsel for defendant and third party plaintiff was excused," etc., and praying for a denial of the motion. No further hearing was requested. This enumeration of error is therefore without merit.

3.   Similarly, if the defendant felt it was entitled to more time than the three years which elapsed between the motion for summary judgment and a hearing thereon in which to obtain the records mentioned in the second and third enumerations of error, a continuance should have been requested for this purpose. The record does not show that such was the case.

4.   The pleadings and evidence on file demanded a finding that the defendant was indebted to the plaintiff in the principal sum of $747.28 unpaid insurance premiums.

---

"shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."

*Judgment affirmed. Stolz and Webb, JJ., concur.*

SUBMITTED APRIL 3, 1974 — DENIED APRIL 17, 1974 —
REHEARING DENIED MAY 9, 1974 —

*Joseph B. Bergen,* for appellant.
*Pierce, Ranitz, Berry, Mahoney & Forbes, Morton G. Forbes,* for appellees.