### 49760. MOUNTAIN VIEW ENTERPRISES, INC. v. DIVERSIFIED SYSTEMS et al.

EVANS, Judge.

This is a tort case. But the question raised in this appeal is limited to the failure of the defendant to file answers to plaintiff's request for admissions within thirty days after service. The answers were not filed within 30 days, nor until a motion for summary judgment had been filed by plaintiff. Defendants then sought to file answers to the request for admissions over objection, 63 days after the date of filing. The trial judge took the motion under advisement, and then denied the motion for summary judgment, holding that plaintiff was not damaged by the delay. Plaintiff appeals. *Held:*

Code Ann. § 81A-136 (a) (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528) states clearly that as to request for admissions the matter is admitted unless answers or objections are filed to such request within 30 days after service of said request, but the answer need not be made earlier than 45 days after service of the summons and complaint. We are not concerned with the 45 day period because here no objections or answers were filed until 63 days after the request was served on defendant. The defendant waited until motion for summary judgment was filed before answering.

The court has a discretion in such matter only when a party moves to determine the sufficiency of the answers or objections filed to the request. Here there were no

timely objections or answers until after the passage of 30 days, and the requests were admitted as a matter of law. Code Ann. § 81A-136 (a), supra; *Moore v. Hanson,* 224 Ga. 482 (2) (162 SE2d 429); *Bailey v. Bailey,* 227 Ga. 55 (178 SE2d 864); *Walker Enterprises v. Mullis,* 124 Ga. App. 305 (183 SE2d 534). When defendant finally filed his answers to request for admissions, 63 days after service, he made no motion that he be granted the privilege of filing at that late day.

The court erred in denying the motion for summary judgment. The matter admitted through failure to properly respond to the requests for admissions established a complete claim for the relief sought, except as to the unliquidated damages. See *Moore v. Hanson,* 224 Ga. 482 (1), supra; *Bailey v. Bailey,* 227 Ga. 55, supra. However, the amount of damages, other than the value of the equipment, is unliquidated and required admission and consideration of evidence by the jury in order to determine these amounts.

The lower court erred in failing to award a partial summary judgment as to liability and the value of the equipment, and also in holding plaintiff was not damaged by the delay.

*Judgment reversed in part; affirmed in part. Pannell, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 2, 1974 — DECIDED NOVEMBER 7, 1974.

*Marchman, Cueto & Henderson, Charles Marchman, Jr.,* for appellant.