### 49911. COOLIK et al. v. HAWK et al.

Deen, Presiding Judge.

1. Coolik appeals from the denial of his motion for summary judgment, based on failure of the defendant Hawk to reply to requests for admission which went to the general issue of Hawk's liability. The appellant's position may be stated as follows:

(a) Code Ann. § 81A-136 (a) requires that the matter of which request is made "is admitted unless, within 30 days after service of the request . . . the party . . . serves . . . a written answer or objection addressed to the matter."

(b) The requests for admission were not answered and the matter is admitted and demands judgment in appellant's favor. *Bailey v. Bailey,* 227 Ga. 55, 57 (178 SE2d 864).

(c) The admission is a solemn admission in judicio.

(d) Where there is a solemn admission in judicio, evidence to the contrary cannot be considered. *New Zealand Fire Ins. Co. v. Brewer,* 29 Ga. App. 773 (6) (116 SE 922).

(e) The defendant (appellee) having failed to answer requests for admission, and thereby admitted liability in the case, the trial judge erred in denying the motion for summary judgment, and abused his discretion in treating denials made in a deposition taken on cross examination as evidence in the case.

2. The appellee's position may be stated as follows:

(a) "Objections and answers to requests for admission must be filed within 30 days or such other time

as the court may allow. When not so replied to, they will be taken as admitted. The court may for good cause shown and where the opposite party is not prejudiced thereby, grant an extension of time, and the action of the judge in granting or refusing such request will not be interfered with by the appellate courts unless it clearly appears that there has been an abuse of discretion." *Taylor v. Hunnicutt*, 129 Ga. App. 314 (199 SE2d 596).

(b) The "admissions" resulting from failure to answer result from technical sanctions, not affirmative statements of the party involved, and are not absolutely conclusive. If the trial judge has a discretion to allow late answers for excusable neglect, he has discretion to consider excusable neglect (or providential cause) to consider contrary testimony by the same party elicited by the opposite party on a cross examination deposition. Both these procedures (the request for admissions and the deposition) are pre-trial adjuncts of the discovery process, and neither should absolutely preclude a hearing of the case on its merits.

(c) Admissions of a party other than true "admissions in judicio" shall be scanned with care. The question of their weight is always for the jury. *Central of Ga. R. Co. v. Moseley*, 112 Ga. 914 (3) (38 SE 350); *Elder v. Smith*, 121 Ga. App. 461 (174 SE2d 239); *Harper v. Plunkett*, 122 Ga. App. 63 (176 SE2d 187).

3. The trial judge in denying the plaintiff's motion for summary judgment on the issue of liability made substantially the following findings:

(a) The written response to the request for admissions, made immediately after the motion for summary judgment was filed, was 15 days late.

(b) The movant admitted at the hearing that his case had in no way been prejudiced by the delay.

(c) Two days after the 30-day period allowed for answering the requests plaintiff's counsel extensively cross examined the defendant on the very matters on which the requests were based, without insisting that failure to answer was a termination of the case, or even mentioning that a default had occurred. "Plaintiff's counsel never referred to the request, and this court feels it reasonable that the defendant could have assumed that

the plaintiff was not insisting on his responses thereto."

(d) Defendant's counsel was ill during the period involved, and also stated in his place that, because of numerous telephone conversations with opposing counsel over the depositions, he understood that the depositions would take the place of the requests.

(e) The drastic sanctions sought by the plaintiff are not, under these circumstances, required.

4. The response to the request for admissions was in fact filed, and filed late. In *Taylor v. Hunnicutt,* supra, this court quoted with approval from 93 ALR2d 757 to the effect that the court may allow additional time where the failure to respond is (a) due to excusable neglect, and (b) is not prejudicial to the party requesting admissions. The court order finding these facts to exist is supported by evidence, and the judgment is affirmed.

There is a poem by Robert Browning in which a monk, lamenting the doctrinaire rigidity of his order, explains:

"There's a text in the Galatians
Once you trip on it entails
Forty-Nine distinct damnations;
One sure if another fails."

The trial judge expressed much the same feeling in his judgment: "Where various means of discovery are employed, there always lurks the danger of being tripped up upon the technicalities which, in another situation perhaps, could have extreme importance in the orderly disposition of litigation." We agree that the ultimate purpose of litigation is to see that controversies are decided on their merits, and that the purpose of the rules of law is to promote justice rather than to reward technical proficiency. In such cases, it is important that the discretion of the trial court, intelligently disposed to this end, not be curtailed by the appellate courts.

It was not error to deny the motion for summary judgment.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*

Argued November 7, 1974 — Decided December 3, 1974 — Rehearing denied December 19, 1974 —