## 51672. SALEM v. LAWYERS CO-OPERATIVE PUBLISHING COMPANY.

PANNELL, Presiding Judge.

The Lawyers Co-Operative Publishing Company, complainant-appellee, brought an action on open account against Joe Salem, defendant-appellant, on June 17, 1975; and appellant was served the next day, June 18, 1975, with a copy of the complaint and a summons, together with a request for admissions, which if admitted, would establish the complainant's case and the correctness of the balance sued for. On July 11, 1975, the defendant filed an answer to the complaint denying the allegations of the complaint except as to venue and alleging he did not order the books, the purchase price of which is sought to be recovered in the complaint, and that he had canceled his order therefor. On August 27, 1975, complainant filed its motion for summary judgment and served defendant's attorney by mail of notice of hearing on October 13, 1975. On August 29, 1975, defendant filed answers to the request for admissions. The material requests for admissions were as follows:

"(1) Plaintiff sold to Defendant various law books totaling Six Thousand Five Hundred Twenty-Six and 76/100 ($6,526.76) Dollars along with credits amounting to Four Thousand Eight Hundred Five and 15/100 ($4,805.15) Dollars, during the time alluded to in item 1 (a) of this Request for Admission.

"(2) As a result of said law books sales, a balance is now due and owing Plaintiff by Defendant of One Thousand Seven Hundred Twenty-One and 61/100 ($1,721.61) Dollars."

Defendant answers as follows: "(1) Defendant admits that plaintiff sold various law books to defendant, but defendant can neither admit nor deny the remaining matter stated in Request . . . (1) inasmuch as defendant has been unable to reconcile plaintiff's accounting. (2) Defendant denies the matter stated in Request . . . (2)." No objections were made to the request for admissions and no motion was made seeking permission for the late filing of the answer to the request for admissions nor to withdraw

the admissions made by failure to answer. Upon the hearing of the motion for summary judgment, summary judgment was granted to the plaintiff-appellee. The defendant appeals to this court enumerating error on the grant of the summary judgment. Section 36 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234-235; 1972, pp. 510, 528; Code Ann. § 81A-136 (a)) provides, as regards a request for admissions, "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him." This case is controlled adversely to defendant-appellant by the language of the Civil Practice Act above quoted, and the construction thereof and the ruling made thereon in a similar situation in *Mountain View Enterprises v. Diversified Systems,* 133 Ga. App. 249 (211 SE2d 186) and *Porter v. Murlas Bros. Commodities, Inc.,* 134 Ga. App. 96 (213 SE2d 190).

Under these circumstances, it is unnecessary to determine whether or not the answers filed were equivalent to admissions, even if filed within time.

*Judgment affirmed. Evans and Marshall, JJ., concur.*

ARGUED JANUARY 9, 1976 — DECIDED
FEBRUARY 10, 1976.

*Matthew J. Blender,* for appellant.
*Nelson C. Rudolph,* for appellee.