## 56098. HAMMETT et al. v. BAILEY.

WEBB, Judge.

This is an action on open account, to which the defendant filed an answer asserting merely that "the printing on the desk pads was incorrect. We were unable to use them as intended. We are still in possession of the desk pads in their original boxes." There is no other denial of the indebtedness.

Plaintiffs filed on December 16, 1977 requests for admissions pursuant to Code Ann. § 81A-136 requiring the defendant to either admit or deny, among other

things, that he is unincorporated and does business as Bailey's Auto Auction; that on or about May 13, 1977 he agreed to purchase 200 imprinted desk pads from plaintiffs at a cost of $2.34 each plus freight and tax and signed a contract to that effect; that they were imprinted correctly according to defendant's instructions; that he never refused to accept the desk pads; that he had never told plaintiff that he was dissatisfied with the imprinting; and that he had used some of the desk pads.

No response to the request for admissions having been made within the time provided by law, plaintiffs moved for summary judgment supported by an affidavit. Thereafter, on January 27, 1978, defendant filed his response to plaintiffs' request for admissions. He did not offer motions for leave to file the late answers or to withdraw the admissions made by his failure to answer.

The trial judge denied plaintiffs' motion for summary judgment, and we granted plaintiff's interlocutory appeal.

Unless a proper response to requests for admissions is timely filed, the requests are admitted as a matter of law. Code Ann. § 81A-136. *Bailey v. Bailey,* 227 Ga. 55 (178 SE2d 864) (1970); *Mountain View Enterprises, Inc. v. Diversified Systems,* 133 Ga. App. 249 (211 SE2d 186) (1974). "Since the failure to make a motion to have admissions withdrawn or amended forecloses remedial action under Code Ann. § 81A-136 (b), the requests for admission which were not answered or objected to are deemed admitted." *Post-Tensioned Construction, Inc. v. VSL Corp.,* 143 Ga. App. 148, 150 (8) (237 SE2d 618) (1977).

"The [trial] court has a discretion in such matter only when a party moves to determine the sufficiency of the answers or objections filed to the request. Here there were no timely objections or answers until after the passage of 30 days, and the requests were admitted as a matter of law. [Cits.] When defendant finally filed his answers to request for admissions . . ., he made no motion that he be granted the privilege of filing at that late day." *Mountain View Enterprises, Inc. v. Diversified Systems,* supra, at pp. 249-250.

The admissions and affidavit in support of plaintiffs

motion for summary judgment established a complete chain for the relief sought, and the trial court erred in denying the motion.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JULY 10, 1978 — DECIDED SEPTEMBER 6, 1978.

*Harold D. Corlew,* for appellants.
*L. Doyal Langford, Daryl G. LeCroy,* for appellee.