### 56606. BURGE v. HIGH.

WEBB, Judge.

Martin Burge's action against Tony Lamar High for damages for alleged personal injuries arising from a motor vehicle collision ended in the grant of summary judgment to defendant High, and Burge appeals. We affirm.

High pleaded payment, release, and accord and satisfaction, and filed a request for admissions to which was attached a photocopy of a release signed by Martin Burge. Burge admitted that he was a passenger in an automobile driven by High on November 6, 1976 when a collision occurred with a vehicle driven by Charles Curtis Lewis and another driven by Carey Turner Conaway, that his complaint was based on that collision and that the alleged injuries for which he seeks recovery of damages arose out of that collision. He further admitted that he executed on December 2, 1976 a general release for $378 in favor of Margaret Howell and Carey Turner Conaway for all claims arising from the collision, but denied that the release was voluntary and alleged fraud, claiming misrepresentation.

The answers to the requests for admissions are unsworn, and as such do not constitute answers. *Abbott-Bridges Wood Products v. Argonaut Ins. Co.,* 131 Ga. App. 754 (1) (206 SE2d 722) (1974). The absence of timely answers to requests for admissions has the effect of establishing conclusively the facts and documents referred to in the requests, where no motion is made seeking permission for late filing of answers and no motion is made seeking permission to withdraw admissions resulting from failure to serve them in the time limited. Code Ann. § 81A-136 (b); *Crider v. Pepsi Cola Bottlers,* 142 Ga. App. 304 (2) (235 SE2d 683) (1977). Consequently summary judgment was appropriately granted as there remained no material issue of fact.

*Bramblett v. Whitfield Fin. Co.*, 143 Ga. App. 853 (240 SE2d 230) (1977); *Post-Tensioned Const. v. VSL Corp.*, 143 Ga. App. 148, 150 (7) (237 SE2d 618) (1977).

Burge's release of Margaret Howell and Carey Turner Conaway for the same claims arising out of the collision which formed the basis for his action against High was a settlement of all claims in the action. The release of one joint tortfeasor will release the other. *Smith v. McLendon*, 142 Ga. App. 608, 610 (236 SE2d 692) (1977).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED SEPTEMBER 21, 1978.

*Marson G. Dunaway, Jr.,* for appellant.
*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr.,* for appellee.