## CIRCUIT COURT OF THE CITY OF ROANOKE

City of Roanoke

v.

Virginia Employment Commission
and Robert J. Lee

June 15, 1981

Case No. F8583

By JUDGE ERNEST W. BALLOU

The issue in this case is whether the decision of January 13, 1981, of the Virginia Employment Commission that claimant was suspended from work with the City of Roanoke on February 5, 1980, for reasons which would not be disqualifying is supported by the evidence and is a proper interpretation of the law.

The facts are set forth in the Commission's decision of January 13, 1981, and memoranda of counsel and are not in dispute. Claimant held a position of trust and responsibility with the Food Stamp Program, City of Roanoke, as an eligibility worker; while so employed he was indicted for embezzling monies (quasi-public) from a local lifesaving crew for which he was later convicted. On February 5, 1980, he was suspended in accordance with the City of Roanoke's operating procedure, number twenty-eight, which provides:

> Where an employee is charged with a crime for which a jail or prison sentence is possible punishment or part of the possible punishment and a person convicted of such crime would not be suitable for continued

employment in his particular job, such employee may be suspended until final disposition of the matter by the court trying the case.

The Commission consistently holds that an individual on suspension has been discharged from his job and will be treated as such.

*Branch* v. *Virginia Employment Commission and Virginia Chemical Company*, 219 Va. 609, 248 S.E.2d 180 (1978), as authority has been cited and quoted by the Commission and the City.

Claimant has deliberately violated the operating rules and procedures of the City of Roanoke having been indicted for embezzlement while holding a position of trust and responsibility. A person in such capacity would not be suitable for continued employment in that particular job. This conduct was directly in connection with claimant's work. The Court is of opinion that there is no evidence to support the decision of January 13, 1981, of the Commission and that the decision is an improper interpretation of the law.