## CIRCUIT COURT OF WASHINGTON COUNTY

Mid Mountain Foods, Inc.

v.

Virginia Employment Commission
and Donald L. Rutherford

March 18, 1987

By JUDGE CHARLES H. SMITH, JR.

This matter is before this court upon petition for judicial review of Decision No. 26856-C of the Virginia Employment Commission. The jurisdiction of the court is based upon § 60.1-67.1 of the Code. Pursuant to that section, the Commission's findings of fact, if supported by the evidence, are conclusive and the review of the court is confined to questions of law. The court, having reviewed the pleadings, exhibits, memoranda of counsel and authorities cited therein, the transcript and considered same along with argument of counsel presented on March 6, 1987, is of the opinion that there is substantial evidence in the record to support the findings of the Commission. The court, therefore, confines its determination as to whether the Commission erred as a matter of law in its decision.

The court finds that the facts of this case as found in the record are substantially as set out in the decision of the Commission and are incorporated herein by reference.

Section 60.1-58(G) of the Code provides that an employee may be disqualified for benefits if discharged for misconduct. The case of *Branch v. Virginia Employment Commission and Virginia Chemical Company*, 219 Va. 609, 248 S.E.2d 180 (1978), set down the guidelines the courts are to use in determining whether an employee's conduct constitutes misconduct.

In our view, an employee is guilty of "misconduct connected with his work" when he *deliberately* violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations he owes his employer.

The first question presented is whether the action of the employee in taking a truck out of the "fuel line" allegedly in violation of a company policy which prohibited same constituted misconduct within the meaning of the Virginia Unemployment Compensation act. The policy in question stated: "Tractors are to be used from the ready line. Please do not pull a tractor from the fuel line that is inbound for service." It is undisputed that the employee did take a tractor from the fuel line on October 18, 1985, and was discharged for so doing. However, it should be noted that the policy prohibited only the taking of trucks from that line that were "inbound for service." The truck in question had already been serviced. Further, the employee took this truck only after having tried and rejected two other trucks on the "ready line." The employee had never been warned about taking a truck that was ready from the fuel line and, according to the evidence, had at least tacit approval from one of his supervisors to do so in order to accommodate a pre-existing job-related injury. His action in no way hindered or delayed the performance of his duties, nor was it detrimental to his employer's business interests in any way. Under these circumstances, the court is of the opinion that the Commission was correct in its decision that the act was not a deliberate or willful one which would rise to the level of misconduct.

The other question presented is whether the employee's repeated violations of company policy were of such a nature or so recurrent as to manifest a willful disregard of the company's interests. The employer contends that, while there was ample evidence to support such a finding, this

second element of the *Branch* definition of misconduct was ignored by the Commission in rendering its decision.

It is true, as the employer contends, that *Branch* does provide us with a two-pronged test in determining misconduct, the existence of either one or the other of which may justify denial of benefits. It is true also that there were several incidents of alleged misconduct by the employee spanning a period of four or five years that were alluded to in the record. However, it is clear that the Commission did consider all of this in rendering its decision. As stated in its decision at page 3: "The claimant had certainly been spoken to or counseled about his failure to follow procedures and his attitude during the preceding five-year period . . . ." Granted, there was very little time devoted to this issue in its decision. However, even assuming inadequate attention to it, the court cannot say the decision was wrong as a matter of law. The *Branch* decision, while defining what misconduct is, also affords the employee discharged for misconduct an opportunity to salvage his benefits if he can prove circumstances in mitigation of such conduct. The employee here gave testimony under oath that denied, explained, or otherwise indicated authorization for his conduct. The court is of the opinion that this testimony, along with certain corroborating statements made by witnesses for the employer, presented sufficient mitigating circumstances to such conduct to justify an award of benefits under the Act.

For the above reasons, the court will affirm the decision of the Commission.