## A06A0942. LE v. SHEPHERD'S POND HOMEOWNERS ASSOCIATION et al.
## A06A0943. LE v. AMITRANO et al.
### (633 SE2d 363)

PHIPPS, Judge.

Phuong Le, a resident of Shepherd's Pond Subdivision, brought a series of three actions against Shepherd's Pond Homeowners Association, its board of directors, or various of its officers, architectural committee members, and co-residents. Shortly after dismissing the first action, Phuong Le brought the second. After the defendants named in the second action filed an answer, counterclaim, and request for admissions, Phuong Le dismissed that action without prejudice and filed the third. Notwithstanding the dismissal, the defendants in the second action then moved for summary judgment on their counterclaim based on Phuong Le's failure to respond to their request for admissions. The trial court granted the motion and then dismissed the third action as to those parties who had been named as defendants in the second. Phuong Le has filed two appeals. We affirm in one and dismiss the other.

Phuong Le initiated the second action by filing a complaint charging the defendants with misuse and abuse of the powers of the homeowners association for the purpose of harassing her and her husband. Her complaints centered around an allegedly unjustified request by the architectural committee that she remove a dead tree from her front yard, an allegedly nonmeritorious complaint that her dog's waste had not been removed from neighbors' yards, the parking of cars on the street adjacent to her house by neighbors and their guests, and the blockage of her driveway by some of those cars.

The defendants in the second action filed an answer to the complaint denying its allegations and raising numerous defenses; they also filed a counterclaim charging Phuong Le with harassment and requesting injunctive relief. They later sent Phuong Le a request for admissions. Without responding to the request, Phuong Le dismissed her complaint without prejudice within 30 days after she was served with the request. She thereupon filed another complaint containing essentially the same allegations but suing various of the individual defendants in both their individual capacities and as officers of the homeowners association or members of the architectural committee, and naming some other homeowners as additional defendants. Although Phuong Le had sought to dismiss the second action, the defendants in that action subsequently filed a motion for summary judgment on their counterclaim based on Phuong Le's failure to respond to their request for admissions. In a response to the motion, Phuong Le explained that it was her understanding that she did not have to respond to the request for admissions if she dismissed

her complaint before her discovery response was due (even though a counterclaim was pending); and she sought to respond by generally denying the matters she had previously admitted by failing to respond.

Following a hearing, the trial court entered an order granting the defendants' motion for summary judgment on their counterclaim in the second action based on Phuong Le's failure to respond to their request for admissions. On grounds of res judicata and collateral estoppel, the court dismissed the third action as to those parties who were named as defendants in the second action. The court also enjoined Phuong Le from contacting law enforcement authorities merely because of cars parked along the street curb so long as the street remains passable and no cars are parked adjacent to her residence. Further, the court found that Phuong Le had been stubbornly litigious, had brought her claims in bad faith, had caused the defendants unnecessary trouble and expense, had engaged in abusive litigation and, therefore, ordered her to pay the defendants' counsel $13,875 in attorney fees.

One week after entry of the above order, Phuong Le filed a motion for reconsideration in which she sought to show that her failure to respond to the Shepherd's defendants' request for admissions was excusable because it had been based on her interpretation of advice she had received from an attorney. She also moved to withdraw the admissions. Two weeks later, the court denied Phuong Le's motion for reconsideration. The court found that any advice Phuong Le had received from the attorney had no real bearing on the case because the attorney was not representing her in the litigation. Moreover, the court determined that, even though Phuong Le was acting pro se, she was bound to follow rules of legal procedure after haling the Shepherd's defendants into court; and the court refused to exercise its discretion to allow her to correct her error in failing to respond to the admission requests. Eight days later, Phuong Le filed duplicate notices of appeal from the trial court's order. One appeal was docketed as Case No. A06A0942, and the other was docketed as Case No. A06A0943.

1. Phuong Le first contends that the court erred in granting summary judgment to the homeowners association on its counterclaim on the ground that she failed to respond to the request for admissions, because the admissions do not remove all issues of material fact from the record. This argument is without merit.

By failing to respond, Phuong Le admitted that the tree in her front yard had died or become diseased to the point that it appeared to be dead; that her husband had failed to remove their dog's waste from neighbors' yards; that neither her neighbors nor their guests are prohibited from parking vehicles on the street adjacent to her house;

and that other actions of which she complained either were not torts or should not be the subject of litigation. These admissions left no material issue of triable fact on Phuong Le's complaint.[1] "[R]equests for admission under OCGA § 9-11-36 (a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case."[2]

2. Phuong Le contends that the court abused its discretion in refusing to allow her to withdraw her admissions.

Under OCGA § 9-11-36 (b),

"[a] court may grant a motion to withdraw (1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits. The burden as to the first prong is on the party moving to withdraw and the burden as to the second prong is on the respondent. The first prong of the test is not perfunctorily satisfied. The burden on the movant is to show the presentation of the merits will be subserved thereby, and the desire to have a trial, standing alone, is not sufficient to satisfy the test. The first inquiry is who will have the burden of proof at trial on the subject matter of the request for admission. *If the burden of proof on subject matter of the request will be on the movant, the movant is required to show that the proffered denial of the request can be proved by admissible evidence having a modicum of credibility. . . ."*[3]

Here, the court was fully authorized to find (a) that Phuong Le had admitted that she had no viable claims for judicial relief and (b) that she was without "admissible evidence having a modicum of credibility" to prove otherwise. For these reasons, the court did not abuse its discretion in imposing the drastic sanction of entering final judgment against Phuong Le on the merits based on her failure to respond to discovery.[4]

---

[1] See *Walker Enterprises v. Mullis*, 124 Ga. App. 305, 306 (2) (183 SE2d 534) (1971); compare *Watson v. McDowell & Son, Inc.*, 204 Ga. App. 635, 636 (1) (420 SE2d 88) (1992) (physical precedent only).

[2] *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 329 (486 SE2d 810) (1997) (citations omitted).

[3] *Crowther v. Estate of Crowther*, 258 Ga. App. 498, 500-501 (1) (574 SE2d 607) (2002) (citation omitted; emphasis supplied).

[4] See *Walker Enterprises v. Mullis*, supra; compare *Coolik v. Hawk*, 133 Ga. App. 626 (212 SE2d 7) (1974).

3. Phuong Le challenges the trial court's dismissal ruling in her third action; she argues that the doctrines of res judicata or collateral estoppel are inapplicable.

In Georgia, the collateral estoppel doctrine

> precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions. However, unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.[5]

Summary judgment is an adjudication on the merits,[6] unless of course it has been improperly used.[7] Entry of summary judgment in favor of the defendants based on Phuong Le's failure to respond to the requests for admissions in her second action was a proper use of summary judgment.[8] Thus, Phuong Le's second action was litigated on the merits even though she had attempted to dismiss her complaint without prejudice instead.[9] And notwithstanding Phuong Le's arguments to the contrary, an examination of her second and third complaints reveals an identity of causes of action between the two. Although there may not be a complete identity of parties, the trial court dismissed the third action only as to those parties named as defendants in the second action. Therefore, the trial court did not err in dismissing Phuong Le's third action as to those parties named as defendants in the second action on the ground of res judicata.

4. Phuong Le argues that by filing a counterclaim in the third action identical to the one they had filed in the second action, the Shepherd's defendants became barred from asserting the counterclaim in the second action. There is no merit in this argument. If anything, the pendency of the counterclaim in the earlier action would be a defense to the latter action and not the former one.[10]

---

[5] *Gwinnett County Bd. of Tax Assessors v. Gen. Elec. Capital Computer Svcs.*, 273 Ga. 175, 178 (1) (538 SE2d 746) (2000), quoting *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 866 (2) (463 SE2d 5) (1995).

[6] *Clover Cable of Ohio v. Heywood*, 260 Ga. 341, 344 (3) (392 SE2d 855) (1990).

[7] *Nat. Heritage Corp. v. Mount Olive Mem. Gardens*, 244 Ga. 240, 242 (260 SE2d 1) (1979).

[8] *West v. Milner Enterprises*, 162 Ga. App. 667 (292 SE2d 538) (1982).

[9] Compare *McCoy Enterprises v. Vaughn*, 154 Ga. App. 471 (268 SE2d 764) (1980).

[10] See OCGA § 9-2-5 (a).

5. Phuong Le complains that in entering injunctive relief based on her admissions, the court ignored OCGA § 9-5-8: "The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. This power shall be prudently and cautiously exercised and, except in clear and urgent cases, should not be resorted to." There is no merit in this complaint, as the trial court's order shows that although the court entered the injunction because of Phuong Le's admissions, it exercised its discretion in crafting its terms.

6. Finally, Phuong Le challenges the attorney fee award. We find no merit in this challenge. Contrary to arguments advanced by Phuong Le, sufficient evidence in the record supports the amount of the award; and the court was fully authorized to find that, among other things, Phuong Le's action lacked substantial justification.[11]

For the foregoing reasons, the judgment in Case No. A06A0942 is affirmed. The appeal in Case No. A06A0943 is dismissed as duplicative of the other appeal.

*Judgment affirmed in Case No. A06A0942. Appeal dismissed in Case No. A06A0943. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JUNE 20, 2006 — 

Phuong Le, *pro se.*
Temple, Strickland, Dinges & Schwartz, William D. Strickland, for appellees.