### 42476. HARTFORD FIRE INSURANCE COMPANY v. STEENHUIS et al.

HALL, Judge. In this action on an insurance contract the defendant insurer appeals from a judgment for the plaintiff on the ground that a judgment for the defendant was demanded upon the following evidence. The insurer issued to the insured a policy of fire insurance effective December 15, 1964, covering six structures, including a log cabin. In early 1965 before the fire loss for which this suit was brought, the insured talked with the insurer's agent and told him that he wanted to eliminate the log cabin from the policy to reduce the premiums. Within a few days the insurer's agent or the secretary in the agent's office telephoned the insured and stated that an endorsement was being prepared and would be mailed to the insured, which he would have to sign and return to them to eliminate the log cabin. The insured testified that as a result of his communications with the insurance agency and the language of the endorsement itself he understood that the coverage on the log cabin would not be eliminated until he had signed and returned the endorsement. The insured received a

letter dated March 5, 1965, signed by a secretary of the insurer's agent, reading as follows: "It would be appreciated if you would sign the endorsement on the lines indicated and return to us in the envelope provided. Where there is a reduction or elimination of insurance, we must have an accepted copy of the endorsement." The attachment to the letter read in part: "Effective date of endorsement 12-15-64 . . . 'Subject to provisions and stipulations herein and in the policy to which this endorsement is attached the coverage of this policy is amended as follows: . . . Items Nos. 3 and 5 are hereby eliminated.' *'Accepted by_____ _____ *Signatures required when endorsement reduces or restricts policy.' " Introduced in evidence was the insurance agency's ledger sheet of the personal account of James L. Steenhuis, showing a debit or receipt dated December 15, 1964, referring to the policy number in question, for "endorsement eliminating items from policy . . . $157.00." The insured testified he received the endorsement and put his signature on it to eliminate the log cabin, but he wasn't sure so he never sent it back. He stuck it in his pocket and left for Colorado the next couple of days. He never told anyone with the insurance agency that he was not sure whether he wanted the log cabin eliminated.

The insurer introduced in evidence a copy of a letter from its agent to the plaintiff dated February 24, 1965, stating that it enclosed an endorsement eliminating the log cabin from the previous coverage and "this produces a credit of $157.00 which has been applied to your account," and testimony of the agent that he sent this letter and endorsement to the insured on February 24. The insured testified he did not know whether he had received this letter and did not think that he did.

The insurer proposed the terms of the amendment to the policy, including the requirement of the insured's signature on the endorsement. While neither the endorsement nor the policy especially required that the endorsement be returned to the insurer after it had been signed by the insured, it is the law of contracts that an acceptance of a bilateral contract requires communication. "Where an express acceptance by the opposite party is required by the offer in order to establish a contract, the fact of such subsequent acceptance must be communicated to the offerer by the opposite party . . . ; and a mere private uncommunicated assent would not effect an

agreement." *Federal Farm Mortgage Corp. v. Dixon*, 185 Ga. 466, 469 (195 SE 414); *National Fire Ins. Co. v. Farris*, 63 Ga. App. 479 (11 SE2d 427); 17 AmJur2d 380, Contracts, § 42. Even though in this case the insured signed the endorsement mailed to him by the insurer its terms did not become effective because the insured's assent was not communicated to the insurer.

The trial court did not err in entering judgment for the plaintiff.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 3, 1967—DECIDED APRIL 4, 1967—
REHEARING DENIED APRIL 24, 1967.

*Troutman, Sams, Schroder & Lockerman, Robert L. Pennington,* for appellant.

*Candler, Cox, McClain & Andrews, E. Lewis Hansen,* for appellees.

