## 51063. CITY OF ATLANTA v. FOSTER & COOPER, INC.

EVANS, Judge.

In response to an advertisement by the City of Atlanta, Foster & Cooper, Inc., a construction contractor, submitted a bid proposal for construction of the North Cargo Building at the Atlanta Airport (a bid as to the base building and five alternates as to additional space). Following consideration of the bids (by the architect, purchasing agent and others), an administrative determination was made that the city should go forward

with the construction of the base building only.

Foster & Cooper, Inc. was found to have the low bid on the base building. It was notified that it was awarded the contract for the base building. A contract, duly executed, insurance certificates and bonds were submitted to the city by the company on request. A resolution was duly adopted awarding the contract to the company.

Due to further negotiations with the airlines, the city then found additional lease space would be needed and at least two of the alternates in the bid would be needed to provide the additional space. The city determined that it could secure the construction of the building with alternates at a lower price than that submitted by Foster & Cooper, Inc.

Thereupon the council of the city adopted a resolution rescinding the earlier resolution authorizing the contract with Foster & Cooper, Inc., and authorizing a contract with McDonough-Metro, Inc. for the construction of the base building and two alternates. An alleged contract was then entered between the city and McDonough.

Foster & Cooper, Inc., as plaintiff, sued the City of Atlanta and other city officials seeking damages as a result of the breach of the construction contract and for compensatory and punitive damages against the other city officials in connection with their malicious, tortious and conspiratorial interference with the contract relationship between plaintiff and the city. After considerable discovery, plaintiff filed a motion for summary judgment as to the legal issue of the city's liability for breach of contract. The city filed a counter-motion for judgment as to the merits. Plaintiff's motion was granted and the motion of the defendant-city was denied. Defendant appeals. *Held:*

1. The city argues that it had never executed the contract and therefore there was no contract until signed. Written signature to a contract is to afford mutuality, but is not the only method of obtaining mutuality. Part performance by both parties satisfies the requisites of mutuality and the statute of frauds. See *Cooper v. G. E. Const. Co.,* 116 Ga. App. 690 (1, 2) (158 SE2d 305), and

cases cited at page 694. Here, plaintiff had already incurred expense of $20,874 in obtaining insurance and bonds required by the city.

2. Pursuant to the letter of February 12, 1974, by the city purchasing director to the plaintiff, that it had been awarded the lowest and best bid on the base building, a contract was executed by the plaintiff and a performance and payment bond and certificates of insurance were submitted to the city. On February 20, 1974, the council of the city lawfully adopted a resolution awarding the contract for the construction of the base building to the plaintiff. This resolution became law within eight days after adoption if not approved or vetoed. See Ga. L. 1973, pp. 2188—2199 (§ 2-403 new city charter). It was neither approved nor vetoed.

3. Plaintiff proceeded to prepare to fulfill its contract. The action of the city in rescinding the resolution and awarding a new and different contract to another showed such breach of contract with the plaintiff as to authorize a suit for damages thereunder; and likewise the granting of the motion for partial summary judgment as to liability.

4. It is argued by the city that the mayor had not formally signed the ordinance authorizing the contract and it was therefore not binding on the city. But the law allows the mayor eight days in which to veto an ordinance legally adopted by the city council and that time had long passed without the mayor's veto and the ordinance was thus valid and binding. Further, the mayor's signature or initials appeared on the contract although it was contended that a department head affixed same thereto. A signature by a duly authorized agent is binding on the principal. There was no evidence that the mayor denied and repudiated the agent's act in affixing his signature or initials. But, as we have previously pointed out, no signature was necessary here because of failure of the mayor to veto the ordinance within the required number of days.

5. The only questions of fact remaining for determination are plaintiff's damages by reason of the breach.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED OCTOBER 3, 1975 —
REHEARING DENIED OCTOBER 17, 1975 — 

*Henry L. Bowden, Robert S. Wiggins,* for appellant.
*Swift, Currie, McGhee & Hiers, Glover McGhee, J. Alexander Porter,* for appellee.