58111. MEECE et al. v. McCROSKEY.

Underwood, Judge.

After the jurors in this personal injury litigation had reached a verdict, but before they had returned to the courtroom, plaintiff's lawyer stated for the record that defendants had made an offer of settlement of $20,000 and that "I now announce in [plaintiff's] presence that it's my recommendation that he accept the offer of $20,000.00

and if I am incorrect in that I wish that he would correct me and now is the time for him to say whatever he wishes."

The client said nothing, and then colloquy between the court and counsel ensued as to what to do about the jury verdict, the court stating "I tell you what let's do, let's just bring them in and they just give me the verdict and I won't say anything to anybody."

But defense counsel insisted that an order be placed on the record before it could be learned what verdict the jurors had reached, the court, however, thinking that unnecessary. The colloquy continued: "Mr. McDonald [plaintiff's counsel]: Judge, I just like to give Harold [plaintiff] a chance to say anything he . . The Court: Harold, say whatever you want, now . . Mr. McDonald: With the understanding . . . The Court: Speak now or forever hold your peace. May have a hundred thousand dollars out there or it might be 5 or 4 or 50. Mr. Dickerson [defendants' counsel]: It's my understanding the offer has been accepted. Mr. McDonald: . . . Judge, if there's any hesitancy on his part I don't, you know . . The Court: All right, now I'll tell you what, now this has been going on here for quite some time, let's make a decision, if you need two minutes or three minutes, whatever. Mr. McDonald: He needs a minute Judge. The Court: All right . . Mr. McDonald: To talk to someone. The Court: We'll give him a minute or two. Mr. McDonald: He needs to call somebody. (Short break in the discussion) Mr. McDonald: I withdraw the offer of settlement, he wishes to see what the jury verdict is, and I concede to that because he is the ruler of his case and I have no control over his decision . . . The Court: Mr. Dickerson says you can't do that, he says you accepted it in Open Court. Mr. McDonald: Well, the record will speak for itself, Judge. I cannot undo what the record has already done and been said on it. I submit to the Court that what I said was subject to the approval of the client as you will recall, in fact I turned to him and asked him, the Court to make sure that it was satisfactory, he said that it is not and I submit that when I made the proffer that it was subject to his approval and the Court's feeling that it was his decision not mine alone. He says now that it is not his decision and that he has talked with

his Brother about it, who is here his older brother and that he feels like it is not enough. The Court: All right, gentlemen, this is going to be the ruling of the Court. I realize what has transpired here, I do not believe that the matter would be out of the breast of the Court . . . until the Court had affirmed the offer and affirming the acception-affirming the acceptance, and I did give the man a couple more minutes. So, I believe it's within my discretion and I don't recall that the Court's final order that that would conclude the matter. We were in a sort of a conversation posture and I'm going to rule that we will bring the jury in. Now, McCroskey you can't go back and get your $20,000.00 whatever this jury says that is final. Bring them in. (The jury returned to The Court) The Court: Mr. Foreman the Bailiff tells us that the jury has a verdict? Foreman: Yes, Your Honor. The Court: Would you be kind enough to read that verdict for us. Foreman: We find for the Plaintiff in the amount of $50,000.00."

In their appeal defendants contend that there was an offer of settlement by defense counsel and an acceptance by plaintiff's counsel which resulted in a contract binding the plaintiff himself, and that it was therefore error thereafter to receive the verdict and enter judgment. However, we disagree with defendants' postulation of the dynamics of the issue as simply one of offer by counsel for defendants and acceptance by counsel for plaintiff. Rather, it appears that the latter was concerned about suits by clients against their lawyers claiming that the lawyer had not had authority to settle, and we think the trial court was authorized to conclude as he did that while plaintiff's counsel recommended that the offer be accepted, no acceptance on his part was to be effective unless plaintiff himself did, in fact, approve. The trial court, as the arbiter, determined that the plaintiff had not given his approval of the settlement although called upon to do so by counsel and the court, plaintiff's only spoken words being that he wished to call someone, after which his counsel stated the plaintiff did not approve the settlement and wished to see what the verdict was.

In these circumstances we are unable to hold that the court's resolution of the matter is not supported by the record of the colloquy, as supplemented by the significant

moments of silence and meaningful exchanges of glances referred to in the transcript of the hearing on the motion to set aside. Consequently we do not overturn the verdict and judgment.

*Judgment affirmed. McMurray, P. J. and Banke, J., concur.*

ARGUED JULY 11, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 18, 1979.

*John A. Dickerson,* for appellants.
*Douglas McDonald,* for appellee.