A92A0361. VALIANT STEEL & EQUIPMENT, INC. v. ROADWAY EXPRESS, INC.
(421 SE2d 773)

CARLEY, Presiding Judge.

Appellee-plaintiff (lessor) brought suit, alleging that appellant-defendant (tenant) had breached a two-year lease. The tenant answered and raised, among its other defenses, the statute of frauds. After discovery, the lessor moved for summary judgment. The trial court granted the lessor's motion and the tenant appeals.

1. The burden was on the lessor, as movant for summary judgment, to show that no genuine issue of material fact remained as to the tenant's statute of frauds defense.

The original two-year lease of the premises had expired on December 31, 1988. This original lease did *not* specifically provide for any extension or renewal thereof. Compare *Sprayberry Crossing Partnership v. Tuley,* 198 Ga. App. 53 (400 SE2d 334) (1990). Accordingly, after the original lease expired, the lessor and tenant began negotiations in an effort to reach a mutual agreement as to the terms

---

and conditions of an entirely *new* lease. Compare *Sprayberry Crossing Partnership v. Tuley*, supra. By letter, the tenant submitted to the lessor an offer to relet the premises for a two-year period. The tenant's offer specified rent of $1,800 per month and stated that "[a]ll other terms and conditions of the [original] lease including taxes, insurance, utilities, etc. shall remain the same." The tenant's offer further provided that it was to be advised "by confirmation letter if the terms of the two-year lease extension are acceptable to [the lessor]."

There is no evidence that the lessor ever accepted the tenant's offer by sending the tenant any confirmation letter agreeing to the terms of the tenant's offer. "A contract may be closed by a letter or telegram, and become binding. But if it is claimed that [one party] has become bound by an acceptance of his offer by the [other party], such offer must be accepted unconditionally and without variance." *Phinizy v. Bush*, 129 Ga. 479 (4) (59 SE 259) (1907). "The subsequent communication by one party to the [proposed] contract to the other party 'varying only one term of the original offer' is a counteroffer. [Cit.] . . . Acceptance of an offer must be unconditional, unequivocal, and without variance of any sort, otherwise, there can be no meeting of the minds and mutual assent necessary to formation of a contract. [Cit.]" *Panfel v. Boyd*, 187 Ga. App. 639, 645-646 (3) (371 SE2d 222) (1988).

"To make [a two-year lease] binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him. . . ." OCGA § 13-5-30 (5). If the tenant's offer had been accepted by the lessor, the tenant would be bound by the terms thereof, those being a two-year tenancy with rent of $1,800 per month and "[a]ll other terms of the [original] lease . . . remain[ing] the same." In the absence of any evidence of such acceptance by the lessor, however, the tenant's offer would *not* represent a written and signed lease *agreement* containing terms which were mutually agreed upon so as to be enforceable under OCGA § 13-5-30 (5). See *Brookhill Mgmt. Corp. v. Shah*, 197 Ga. App. 305 (398 SE2d 290) (1990). "While the letter [from the tenant to the lessor] may have been an express offer to renew, it by no means represents an express *agreement*, because [the lessor] did not expressly accept the offer." (Emphasis in original.) *Flamex Distributors v. Herman*, 140 Ga. App. 771, 772 (232 SE2d 124) (1976).

Accordingly, the trial court erred in holding that the tenant's offer, standing alone, would be a sufficient writing to satisfy the statute of frauds. That offer contemplated a written acceptance by the lessor and the tenant would not be bound thereby in the absence of evidence that the offer was accepted by the lessor's confirmation letter. "[W]here an express acceptance by the opposite party is required by the offer in order to establish a contract, the fact of such subsequent

acceptance must be communicated to the offerer by the opposite party or competent agent of such party. . . . [Cits.]" *Federal Farm Mtg. Corp. v. Dixon*, 185 Ga. 466, 469 (1) (195 SE 414) (1938). Thus, it is immaterial that there is no evidence that the lessor rejected the tenant's offer. What is material is that there is no evidence that the lessor did accept the tenant's offer by sending a confirmation letter.

2. Pending receipt of the lessor's written acceptance of the offer, the tenant paid rent in the amount of $1,800 per month. Since this was the amount of rent specified in the tenant's offer, the lessor urges that the tenant partially performed its offer to relet the premises for a two-year period and that the statute of frauds would not, therefore, bar a recovery for the breach of a two-year lease.

The statute of frauds does not extend to the case "[w]here there has been performance on one side, accepted by the other *in accordance with the contract. . . .*" (Emphasis supplied.) OCGA § 13-5-31 (2). Thus, in order for the lessor to rely upon the tenant's part performance of an alleged two-year lease as obviating compliance with the statute of frauds, the lessor must first show the existence of a *contract* to rent the premises for a two-year period. "As to performance accepted 'in accordance with' the contract, it must first be established that the contract is certain and definite in all essential particulars. [Cit.]" *Smith v. Top Dollar Stores*, 129 Ga. App. 60, 63 (1) (198 SE2d 690) (1973). The tenant's mere offer to relet the premises for a two-year period at the rate of $1,800 per month certainly shows no *contract* to lease the premises for a two-year period. The tenant's offer was made contingent upon the lessor's written acceptance thereof and, in the absence of such acceptance, there could be no contract.

The lessor does not contend that the tenant made any oral offer to rent the premises for a two-year period, which offer was accepted and pursuant to which rent was thereafter paid and accepted. Even if such an oral contract was alleged, the lessor still could not recover for the breach of a two-year lease. The tenant's "possession of the premises and payment of rent [would] not supply such partial performance as [would] tend to prove the essential element sought to be proved, that is, the durational term of the lease. [Cit.] This being so, the part performance asserted by the [lessor would be] insufficient as a matter of law to remove the agreement from [OCGA § 13-5-30]." *Norris v. Downtown LaGrange Dev. Auth.*, 151 Ga. App. 343, 344 (2) (259 SE2d 729) (1979).

Rather than relying upon the tenant's payment of rent as evincing an exception to the statute of frauds, the lessor is, in fact, relying upon its own acceptance of that rent as evidencing an acceptance on its part of the tenant's written offer to relet the premises for a two-year period. This is erroneous. The tenant's offer required a written acceptance by the lessor and, until the lessor unconditionally ac-

cepted the offer by written confirmation letter, there could be no enforceable two-year lease. " 'Where an express acceptance by the opposite party is required by the offer in order to establish a contract, the fact of such subsequent acceptance must be communicated to the offerer by the opposite party . . . ; and a mere private uncommunicated assent would not effect an agreement.' [Cits.]" *Hartford Fire Ins. Co. v. Steenhuis*, 115 Ga. App. 625, 626-627 (155 SE2d 690) (1967). Pending the lessor's written unconditional acceptance of the offer to lease the premises for a two-year period, the tenant was entitled to consider itself a tenant at will and to consider the payment of the $1,800 as rent for its tenancy at will. "A tenant who stays on after the termination of the lease and pays rent with the permission of the landlord becomes a tenant at will. [Cit.]" *Ferguson v. Bank of the South*, 164 Ga. App. 203, 205 (3) (296 SE2d 756) (1982). "[T]he mere payment by the lessee and acceptance by the lessor of rentals after the expiration of the original lease does not effect a renewal, and the lessee would occupy the status of a tenant at will. [Cits.]" *Erquitt v. Solomon*, 135 Ga. App. 502, 504 (218 SE2d 172) (1975).

3. There is in the record a written counteroffer by the lessor, agreeing to rent the premises for a two-year period at the rate of $1,800 per month, but specifying other terms different from those proposed in the tenant's offer. If it were undisputed that, after receiving this counteroffer, the tenant continued to occupy the premises and pay $1,800 per month rent, an enforceable contract would result. Unlike the tenant's offer, the lessor's counteroffer was not made contingent upon written acceptance and the tenant's performance consistent with the counteroffer, after the receipt thereof, would signify its acceptance of the terms therein. "If one of the parties has not signed, his acceptance is inferred from a performance under the contract, in part or in full, and he becomes bound. [Cits.]" *Cooper v. G. E. Constr. Co.*, 116 Ga. App. 690, 694 (2) (158 SE2d 305) (1967). Under these circumstances, every essential term of the lease would otherwise be provided by the lessor's written counteroffer, and the tenant's continued possession and payment of rent would be relied upon solely to prove that, notwithstanding the absence of the tenant's signature thereon, the lessor's counteroffer had nevertheless been accepted by and would be enforceable against the tenant. See *Shell Petroleum Corp. v. Jackson*, 47 Ga. App. 667, 672 (4) (171 SE 171) (1933). Compare *Smith v. Top Dollar Stores*, supra. "Written signature to a contract is to afford mutuality, but is not the only method of obtaining mutuality. Part performance by both parties satisfies the requisites of mutuality and the statute of frauds. [Cits.]" *City of Atlanta v. Foster & Cooper, Inc.*, 136 Ga. App. 159, 160 (1) (220 SE2d 724) (1975).

It is not, however, undisputed that the tenant received the lessor's counteroffer. If, as the tenant contends, it did *not* receive the

lessor's counteroffer, then its continued possession of the premises and payment of $1,800 per month rent would *not* signify the acceptance of the counteroffer, but would be consistent with the existence of a tenancy at will pending the receipt of the lessor's response to the tenant's offer. See *Garden of Eden v. Eastern Savings Bank*, 244 Ga. 63, 65 (2) (257 SE2d 897) (1979). Since a genuine issue of material fact remains as to the tenant's receipt of the lessor's counteroffer, summary judgment would not be authorized on the theory that the tenant accepted and is bound by the terms thereof.

4. As the movant for summary judgment, the lessor failed to show the existence of a two-year lease which would be enforceable against the tenant under the statute of frauds or under any exception thereto. It follows that the trial court erred in granting summary judgment in favor of the lessor.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED JULY 16, 1992 —
RECONSIDERATION DENIED JULY 30, 1992.

*Christopher J. McFadden, Joe L. Fowler*, for appellant.
*Griffin, Cochrane, Marshall & Elger, W. Henry Parkman, Robyn S. Degnan*, for appellee.