A00A1097. SMITH v. DAVIS.
(536 SE2d 261)

PHIPPS, Judge.

Valerie Smith leased a house from John Davis under an agreement giving her an option to purchase. Smith sued Davis seeking specific performance of the option agreement, recovery of damages under theories of breach of contract and unjust enrichment, and other relief. She appeals the trial court's grant of partial summary judgment to Davis on the breach of contract and specific performance claims. We must determine the legal effect of (1) a series of letters Davis wrote to Smith after the lease option agreement was executed, and (2) a rent payment Smith made in response to notice of a rent increase in one of the letters. The dispositive questions are whether Davis made an enforceable offer to decrease the $699,000 option price set forth in the lease agreement to $600,000 and, if so, whether Smith accepted this offer before it was withdrawn by Davis.

Davis and Smith entered into the lease on December 9, 1994. The initial term was January 1, 1995, through March 1, 1996. Each party was given a right to terminate the lease by giving the other party 30 days written notice before the end of the term, but neither party gave such notice. As a result, the lease was automatically extended on a month-to-month basis, with 30 days written notice required to terminate the monthly tenancy. The lease gave Davis the right to increase the amount of rent by giving written notice 30 days before the effective date of the increase. Smith was given an option to purchase the property for *$699,000*.

By letter dated February 12, 1998, Davis rejected an oral offer by Smith to increase the purchase price of the option if Davis would defray the cost of various improvements to the house. Davis wrote, "This leaves us with these options: 1. Sell the house to you for *$600,000* net to us. 2. You rent the house as is, on a month to month basis. We are increasing the rent to $3750 April 1, 1998. 3. Put the house back on the market immediately."[1] By letter dated March 8, Davis informed Smith that, "[b]y September 1, 1998, we will need

---

[1] (Emphasis supplied.)

from you, a firm contract to purchase, with earnest money, that is nonrefundable and a closing date not later than December 1, 1998. If your plans should change and you decide not to purchase the property we expect you to vacate the property by September 1, 1998."

On April 15, Davis wrote to Smith that he had not received the rent increase announced in the February 12 letter and that, as a result, he felt that Smith's plans to purchase the property would not materialize. He asked her to vacate the property on or before September 1. Davis later received and accepted a check dated April 13 for the monthly rent increase. But on April 28, Davis sent Smith another letter informing her that his plans had changed, that the home was no longer for sale, and that he wanted to retake possession on September 1.

On May 8, Smith wrote back that she had spent substantial sums in redesigning the house and that she fully intended to close on the house "[p]ursuant to our agreement." In response, on May 14 Davis's attorney sent Smith a letter demanding possession of the property on or before July 1. By letter dated May 19, Smith put Davis's attorney on notice that she intended to exercise her contractual right to purchase the house for $600,000 on or before December 31.

Smith argues that in his February 12 letter Davis reduced the purchase price of the lease option from $699,000 to $600,000 and that he is chargeable with breach of contract because of his refusal to allow her to exercise the option during the term of the lease.[2] Davis argues that any modification of the written terms of the lease option agreement is unenforceable because of the absence of an agreement in writing as required by the statute of frauds.[3]

Davis's February 12 letter to Smith can be interpreted as a written offer to amend the lease option agreement by changing the purchase price from $699,000 to $600,000 net to Davis, under conditions later set forth in the March 8 letter. Because this offer was in writing, the statute of frauds has been satisfied.[4]

But Davis withdrew this offer no later than April 28, before Smith had announced her intent to exercise the option. We find no

---

[2] See *McKown v. Heery*, 200 Ga. 819, 820 (2) (38 SE2d 425) (1946) (in absence of a specified date for exercising the right of purchase, option given to lessee will be construed as operative for the term of the lease or renewal thereof).

[3] OCGA § 13-5-30 (4).

[4] See 72 AmJur2d, Statute of Frauds, § 311, p. 830 (1974) (as a general rule, written offer signed by party sought to be charged is sufficient to satisfy statute of frauds even where acceptance is oral); compare *Valiant Steel & Equip. v. Roadway Express*, 205 Ga. App. 237, 238 (1) (421 SE2d 773) (1992) (person making offer not bound by oral acceptance where offer conditioned on written acceptance); *Presto v. Scientific-Atlanta*, 193 Ga. App. 606 (1) (388 SE2d 719) (1989) (statute of frauds not satisfied by oral acceptance of written offer where offer did not contain all essential terms of agreement).

merit in Smith's argument that she accepted Davis's offer by remaining in possession of the property, making improvements thereto, and paying increased rent. In his March 8 letter, Davis conditioned Smith's acceptance of his February 12 offer on her presentation of a firm contract to purchase with nonrefundable earnest money and a closing date within a specified time period. To be effective, acceptance of the offer had to be effectuated in that manner.[5] Although Smith's subsequent attempts to exercise her option were made during the term of the lease,[6] they were based on the $600,000 purchase price contained in the withdrawn offer rather than the $699,000 purchase price that remained in effect under the written lease.

For these reasons, we find no error by the court in its grant of partial summary judgment to Davis on the issues of breach of contract and specific performance. Smith's claim against Davis for unjust enrichment based on the improvements she made to the property remains pending.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED JUNE 22, 2000 —
RECONSIDERATION DENIED JULY 12, 2000.

*James N. Cline*, for appellant.
*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, James P. Robertson, Jr.*, for appellee.

