A10A2351. POWERHOUSE CUSTOM HOMES, INC. et al.
v. 84 LUMBER COMPANY, L.P.
(705 SE2d 704)

MILLER, Presiding Judge.

84 Lumber Company, L.P. ("84 Lumber") sued Powerhouse Custom Homes, Inc. ("Powerhouse") and guarantor Lucian Anderson, Jr., to collect amounts owed on an open account. The trial court subsequently granted summary judgment in favor of 84 Lumber. Powerhouse and Anderson appeal, contending that the parties had entered into an enforceable settlement agreement, which precluded the entry of summary judgment in the suit. We discern no error and affirm.

---

Summary judgment is authorized when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "We review a grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party." (Citation omitted.) *Traditional Properties v. Performance Food Group of Ga.*, 291 Ga. App. 442 (662 SE2d 250) (2008).

So viewed, the record shows that on November 6, 2002, Powerhouse entered into a credit agreement that allowed it to obtain building materials and labor from 84 Lumber for various construction projects. Anderson, the president of Powerhouse, signed a personal guaranty ensuring payment of any and all amounts due under the credit account. Thereafter, 84 Lumber sold and delivered building materials to Powerhouse under the credit account, resulting in a balance owed in the amount of $95,260.42.

After Powerhouse and Anderson failed to remit payment of the balance, 84 Lumber filed the instant suit to collect on the open account. During the suit, 84 Lumber served Powerhouse and Anderson with discovery requests, including a request for admissions. Powerhouse and Anderson failed to answer the request for admissions.

On August 20, 2009, the parties participated in a court-ordered mediation session. During the mediation session, the parties' counsel signed a mediation agreement, which contained a provision that established a ten-day deadline for objections. The provision stated that "[i]f there [was] no objection to the agreement within 10 calendar days following the mediation session, the agreement [would] be binding upon all parties [and be] enforceable as a settlement agreement." The mediation agreement then set forth a settlement "proposal" presented by Powerhouse and Anderson for 84 Lumber's consideration. The proposal provided that it was "subject to acceptance or rejection by [84 Lumber] for fifteen calendar days" and that such was "the time [frame] [in which] the proposal [was] available for acceptance[.]"

84 Lumber did not accept the settlement proposal within the time frame set forth in the written document. Rather, on September 14, 2009, 84 Lumber's counsel expressly rejected the proposal. Thereafter, 84 Lumber filed a motion for summary judgment, along with an affidavit from its legal assistant that authenticated the account records and confirmed the amount owed. In response to the motion, Powerhouse and Anderson claimed that the case had been settled at the mediation session and attached a copy of the mediation agreement setting forth the proposal.

The trial court conducted a hearing on the motion. At the hearing, counsel for Powerhouse and Anderson again argued that the case had been settled, but acknowledged that 84 Lumber had not communicated approval of the proposal set forth in the mediation agreement. Following the hearing, the trial court entered an order granting summary judgment in favor of 84 Lumber, finding that the mediation agreement did not amount to an enforceable settlement of the suit and that the defendants' failure to respond to the request for admissions resulted in the admission of all of the material facts supporting 84 Lumber's claims. We agree.

> Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract. In this regard, it is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense. . . . [A]n answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. To constitute a contract, the offer must be accepted unequivocally and without variance of any sort.

(Citations and punctuation omitted.) *Jones v. Frickey*, 274 Ga. App. 398, 401 (618 SE2d 29) (2005). "Absent such mutual agreement, there is no enforceable contract as between the parties." (Citations and punctuation omitted.) *Herring v. Dunning*, 213 Ga. App. 695, 697 (446 SE2d 199) (1994).

By its express terms, the mediation agreement referenced by Powerhouse and Anderson merely set forth a "proposal," amounting to a settlement offer that was subject to acceptance or rejection by 84 Lumber. It is undisputed that 84 Lumber did not communicate acceptance of the proposal. It thus follows that no settlement agreement was reached. See *Jones*, supra, 274 Ga. App. at 402; *Valiant Steel &c. v. Roadway Express*, 205 Ga. App. 237, 238-239 (1) (421 SE2d 773) (1992); *Meece v. McCroskey*, 151 Ga. App. 369, 370-371 (259 SE2d 645) (1979).

Nevertheless, in support for their contention that a settlement had occurred, Powerhouse and Anderson rely upon the provision of the mediation agreement that established a ten-day deadline for objections. Their reliance upon this provision, however, is misplaced. The ten-day deadline provision for objections could only apply if an

agreement had in fact been reached by acceptance of the proposal.[1] Since 84 Lumber did not accept the proposal, no settlement agreement was reached, and the ten-day deadline provision was inapplicable.

Moreover, because Powerhouse and Anderson failed to respond or object to the request for admissions, the pertinent facts and legal conclusions set forth in the requests were deemed admitted as a matter of law under OCGA § 9-11-36 (a) (2). See *Jackson v. Nemdegelt, Inc.*, 302 Ga. App. 767, 769 (691 SE2d 653) (2010); *Hammett v. Bailey*, 147 Ga. App. 105, 106 (248 SE2d 180) (1978). The admissions conclusively established that Powerhouse and Anderson owed 84 Lumber the principal amount of $95,260.42 under the open account; that Powerhouse and Anderson had defaulted by failing to pay the debt owed; and that Powerhouse and Anderson owed accrued interest on the debt in the amount of $4,791.96 through January 21, 2009, plus accrued interest at a rate of 18% per annum from January 21, 2009, post-judgment interest, attorney fees, and costs. These admissions left no genuine issue of material fact on 84 Lumber's complaint, and thus, 84 Lumber was entitled to judgment as a matter of law. See *Jackson*, supra, 302 Ga. App. at 770-771; *Hammett*, supra, 147 Ga. App. at 106-107. Accordingly, the trial court did not err in granting summary judgment in favor of 84 Lumber. See id.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JANUARY 24, 2011.

*Grady A. Roberts III*, for appellants.
*J. Christopher Simpson, Jonathan S. Bell*, for appellee.

---

[1] We note that the ten-day deadline provision could not be read as providing for an acceptance of the proposal by default. By its terms, the ten-day deadline provision did not govern *acceptance* of the proposal, but rather, established a deadline for tendering any subsequent objections in the event that an agreement was reached. Acceptance of the proposal was instead governed by a separate provision, which established a longer period of fifteen days for acceptance or rejection of the proposal's terms. Significantly, the acceptance provision did not state that a failure to timely respond within the 15-day period would amount to a default or implied acceptance of the proposal's terms. Accordingly, contrary to the defendant's argument, it is immaterial whether 84 Lumber had rejected the proposal within the 15-day period. See *Valiant Steel &c.*, supra, 205 Ga. App. at 238-239 (1). Rather, the material fact is that 84 Lumber had not accepted the proposal. See id.