**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 10, 2013**

# In the Court of Appeals of Georgia

A13A1099. PATEL et al. v. AMERIS BANK.

MILLER, Judge.

Rajesh C. Patel (R. C. Patel) and Mukesh C. Patel (M. C. Patel) appeal from the trial court's grant of summary judgment to Ameris Bank on their guarantees of a promissory note signed by Vipulkumar M. Patel (V. M. Patel).[1]

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. O.C.G.A. § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

---

[1] Vipulkumar Patel failed to answer the complaint and the trial court entered default judgment against him.

(Citation omitted.) *O'Neal v. State Farm Mut. Auto. Ins. Co.*, 243 Ga. App. 756 (533 SE2d 781) (2000).

So viewed, the record shows that, on March 22, 2007, V. M. Patel executed a Promissory Note for Loan No. 22-462 in the amount of $2,625,000 to Southern Horizon Bank with a maturity date of March 22, 2008. That same day, R. C. Patel and M. C. Patel signed Commercial Guarantees of that Promissory Note. Each guaranty contained, in "Miscellaneous Provisions," a paragraph designated "Successors and Assigns" which stated that "[s]ubject to any limitations stated in this Guaranty on transfer of Guarantor's Interest, this Guaranty shall be binding upon and inure to the benefit of the parties, their successors and assigns."

On March 22, 2008, V. M. Patel renewed the Promissory Note for Loan No. 22-462, in the amount of $2,625,000, with a maturity date of March 22, 2009. The renewed Note listed the lender as "High Trust Bank, Successor to Southern Horizon Bank by name change dated April 2, 2007." On April 20, 2009, V. M. Patel signed a Change in Terms Agreement for Loan No. 22-462, for the same amount, changing the maturity date to July 20, 2009. This agreement also listed the lender as "High Trust Bank."

2

A certified copy of the Certificate of Amendment Name Change filed with the Secretary of State's Office was filed below, reflecting the change of name from Southern Horizon Bank to High Trust Bank.

A motion to substitute Ameris Bank as plaintiff was supported by certified copies of the assignment by the FDIC of the note, renewal note, and change in terms to Ameris Bank. The trial court granted this motion, substituting Ameris Bank on September 18, 2012, and no appeal has been taken from this order.

In support of the motion for summary judgment, Ameris Bank provided two affidavits of James Hendry, Jr. The first identified him as Executive Vice President of High Trust Bank and provided the Loan History Report of Loan No. 22-462 showing the principal and interest due. In the second affidavit, Hendry, Jr. averred that "[o]n April 2, 2007, Southern Horizon Bank became High Trust Bank by name change[,]" that High Trust was seized by the FDIC on July15, 2011, and that the FDIC transferred its interest to Ameris Bank. Hendry, Jr. further averred that the Note and guaranties were assigned to Ameris.

Requests for Admissions were served on R. C. and M. C. Patel requesting admissions that V. M. Patel defaulted on the note by failing to pay each payment when due and by failing to pay the note upon maturity; that V. M. Patel was indebted

to the plaintiff in the principal amount of $2,625,000, plus interest and costs; and that R. C. and M. C. Patel were indebted to the plaintiff in the same amount plus interest and costs. Because neither R. C. Patel nor M. C. Patel responded or objected to these Requests for Admissions, the pertinent facts and legal conclusions set forth in the requests were deemed admitted as a matter of law under OCGA § 9-11-36 (a) (2). (Citations and punctuation omitted.) *Powerhouse Custom Homes, Inc. v. 84 Lumber Co.*, 307 Ga. App. 605, 608 (705 SE2d 704) (2011).

After Ameris moved for summary judgment, R. C. Patel filed a motion to withdraw his admissions and a supporting affidavit in which he stated that V. M. Patel executed and delivered "to Plaintiff a promissory note in the amount of $2,625,000." The pleadings identified the Plaintiff as "High Trust Bank f/k/a Southern Horizon Bank." The trial court denied the motion to withdraw admissions and awarded summary judgment to Ameris.

On appeal, the Patels argue that the trial court's conclusion that "Ameris Bank f/k/a High Trust" was assigned the Notes and Guaranties from Southern Horizon Bank was not supported by any evidence, and that the trial court's conclusion that "Ameris Bank f/k/a High Trust Bank" was the holder of the Notes and Guaranties was not supported by any evidence.

4

A review of the trial court's order, however, shows that the trial court's ruling was not based on any assignment of the Notes and Guaranties by Southern Horizon Bank, but on a finding that Southern Horizon Bank changed its name to High Trust Bank, which was taken over by the FDIC, which assigned the Notes and Guaranties to Ameris Bank. The trial court thus concluded that High Trust Bank established that it was the holder of the Note prior to its takeover by the FDIC.

We find that conclusion amply supported by the evidence set out above. Also, as noted by Ameris Bank in its brief here, "[a]n amendment to articles of incorporation does not affect a cause of action existing against or in favor of the corporation [.] . . . An amendment changing a corporation's name does not abate a proceeding brought by . . . the corporation in its former name." OCGA § 14-2-1009. Although this authority was not relied upon by the trial court, a judgment right for any reason will be affirmed. See *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41, 45 (4) (586 SE2d 235) (2003) (a judgment of a lower court may be affirmed so long as it is right for any reason); *City of Gainesville v. Dodd*, 275 Ga. 834, 835, 838-839 (573 SE2d 369) (2002) (appellate courts may exercise discretion as to when to follow the "right for any reason" rule and consider grounds not addressed by the trial court). Since the factual record is set, we are able to apply the facts to the law in the same

manner as the trial court in the furtherance of judicial economy. See *City of Gainesville*, supra, 275 Ga. at 838 ("The de novo review standard advances judicial economy by recognizing that, in summary judgment cases, the factual record is set and the appellate courts can, as well as the trial courts, apply those facts to the law.").

Therefore, the trial court properly entered judgment in favor of Ameris Bank on the guaranties.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*